THE BICKEL LAW FIRM, INC.
Brian J. Bickel, State Bar No. 205646
Brian K. Cline, State Bar No. 246747
briancline@bickellawfirm.com
750 B Street, Suite 1950
San Diego, California 92101
Telephone:        (619) 374-4100
Facsimile:        (619) 231-9040

Attorneys for Plaintiffs DAVID COUTTS
and SARAH COUTTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID COUTTS and SARAH COUTTS, | Case No. |
| Plaintiffs, | COMPLAINT FOR VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT |
| vs. | |
| SUBARU OF AMERICA, INC., and DOE 1 through DOE 10 inclusive, | PLAINTIFFS DEMAND TRIAL BY JURY |
| Defendants, | |

Plaintiffs allege:

## I.

## JURISDICTION

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332.

2.     Plaintiffs DAVID COUTTS and SARAH COUTTS (hereinafter "Plaintiffs") are, and at all times mentioned herein were, competent adults.

3.     Plaintiffs at all times mentioned herein were citizens and residents of California.

4.     Plaintiffs are informed and believe and thereupon allege that defendant SUBARU OF AMERICA, INC. is a corporation incorporated under the laws of New Jersey and having it's principal place of business in New Jersey, and is licensed to do

business in California.

**II.**

**VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**

5.    Defendants DOE 1 through DOE 10 inclusive are sued herein.  DOE 1 through DOE 10 are each independently, or as a representative of another defendant in this suit, responsible in some manner for the causes of action set forth herein and the damages sustained by Plaintiffs.

6.    Plaintiffs purchased the subject 2010 Subaru Outback, VIN: 454BRDLC6A2336507 ("the subject vehicle") on or about December 20, 2009 from Diablo Auto Inc. in Walnut Creek, California.  The subject vehicle is a new motor vehicle that was bought primarily for personal, family, or household purposes or it is a new motor vehicle with a gross vehicle weight under 10,000 pounds that was bought or used primarily for business purposes by an entity to which not more than five motor vehicles are registered in this state.  The subject vehicle is a "new motor vehicle" under the Song-Beverly Consumer Warranty Act, Civil Code §§1790 et seq ("the Act").

7.    Diablo Auto Inc. is engaged in the business of distributing or selling consumer goods at retail.  Plaintiff is a "buyer" under the Act.

8.    SUBARU OF AMERICA, INC. manufactures, assembles, or produces consumer goods. SUBARU OF AMERICA, INC. is a "manufacturer" under the Act.

9.    SUBARU OF AMERICA, INC. issued an "express warranty" to Plaintiffs in which, *inter alia*, SUBARU OF AMERICA, INC. undertook to preserve or maintain the utility or performance of the subject vehicle.  Said warranty was an integral factor in Plaintiffs' decision to purchase the subject vehicle.

10.    The subject vehicle has suffered from nonconformity(s) to warranty, including, but not limited to, defect(s) which have manifested in recurrent engine malfunction, activation of the engine oil warning light, excessive engine oil consumption, burning of the engine oil, and engine oil leak.  Said nonconformity(s)

have substantially impaired the vehicle's use, value, or safety to Plaintiffs.

11.   Plaintiffs have delivered the vehicle to SUBARU OF AMERICA, INC. or its authorized repair facility(s) for repair of said nonconformity(s).  SUBARU OF AMERICA, INC. or its authorized repair facility(s) have failed to service or repair the subject vehicle to warranty after a reasonable number of attempts.

12.   The subject vehicle was not fit for the ordinary purposes for which such goods are used and was not of the same quality as those generally acceptable in the trade.   SUBARU OF AMERICA, INC. breached the implied warranty of merchantability and implied warranty of fitness.  Plaintiffs are entitled to revoke acceptance of the subject vehicle under the Act.

13.   SUBARU OF AMERICA, INC. has not replaced the vehicle or otherwise made restitution to Plaintiffs pursuant to its obligations under the Act.

14.   Plaintiffs are informed and believe and thereupon allege that SUBARU OF AMERICA, INC.'s refusal to replace the vehicle or make restitution to Plaintiffs was wilful and not the result of a good faith and reasonable belief that the facts imposing said statutory obligation were absent.

15.   Pursuant to the Act, Plaintiffs are entitled to restitution in an amount equal to the actual price paid or payable by Plaintiffs and collateral charges such as sales tax, license fees, registration fees, and other official fees less an amount directly attributable to use by Plaintiffs prior to the time Plaintiffs first delivered the vehicle for repair.

16.   Plaintiffs are entitled to recover incidental, consequential, and general damages, including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by Plaintiffs.

17.   Plaintiffs are entitled to recover a civil penalty up to two times the amount of actual damages for SUBARU OF AMERICA, INC.'s wilful refusal to comply with its statutory obligations under the Act.

18.   Plaintiffs are entitled to recover a sum equal to the aggregate amount of

costs and expenses including attorney's fees based on actual time expended and reasonably incurred in connection with the commencement and prosecution of this action.

WHEREFORE, Plaintiffs pray judgment against SUBARU OF AMERICA, INC. as follows:

1.     For actual damages, including collateral charges, and incidental, consequential, and general damages.  To date, such damages include, but are not limited to Plaintiffs' cash purchase price ($38,360.80), and, in amounts according to proof, vehicle registration, expenses inadvertently omitted herein, and other future expenses reasonably incurred by Plaintiffs in connection with this action; and

2.     For a civil penalty up to two times the amount of actual damages; and

3.     For rescission of the contract and restitution of consideration; and

4.     For interest on said sum from date of rescission to date of judgment herein; and

5.     For attorney's fees based on actual time expended and reasonably incurred in connection with the commencement and prosecution of this action; and

6.     For costs of suit incurred in connection with the commencement and prosecution of this action; and

7.     For such other and further relief as the court deems proper.

WHEREFORE, Plaintiffs demand trial by jury.

DATED: December _17_, 2010                    THE BICKEL LAW FIRM, INC.
                                              Attorneys for Plaintiffs

                                              By: _____
                                                    BRIAN K. CLINE